UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIS AREN WOLF,<br><br>                    Plaintiff,<br>      v.<br><br>CITY OF ABERDEEN, *et al.*,<br><br>                    Defendants. | CASE NO. 3:23-cv-05954-GJL<br><br>ORDER ON MOTION FOR COURT-APPOINTED COUNSEL |

Plaintiff Louis A. Wolf, having paid the filing fee and proceeding *pro se*, has filed the pending Motion for Appointment of Counsel ("Motion"). Dkt. 2. For the reasons set forth herein, the Motion is **DENIED without prejudice**.

According to federal statute, district courts may "request" the appointment of counsel to "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). However, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Courts must determine whether "exceptional circumstances" warrant the appointment of counsel in a given case by evaluating "the likelihood of [a plaintiff's] success on the merits and the ability of

the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Harrington v. Scribner*, 785 F.3d 129, 1309 (9th Cir. 2015). However, neither factor is dispositive and "both must be viewed together before reaching a decision." *Wilborn*, 789 F.2d at 1331. Additionally, before a court can exercise its discretion, a civil plaintiff must make a reasonably diligent effort to obtain counsel. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

Here, notwithstanding Plaintiff's failure to demonstrate he is unable to afford counsel, Plaintiff has not shown the exceptional circumstances necessary to warrant the appointment of counsel. Plaintiff's Motion was filed on October 23, 2023, the same date Plaintiff filed his Complaint. *See* Dkts. 1, 2. Summons were issued as to the named Defendants on November 9, 2023. *See* Dkt. 3. Thus, Defendants were not yet served with the Complaint when Plaintiff requested appointment of counsel, Defendants have not yet filed an Answer to Plaintiff's Complaint, and Defendants are still within the deadline for filing their Answer. The Court thus finds it is still too early in the case to determine Plaintiff's likelihood of success on the merits.

Further, Plaintiff's case is still at the stage when Defendants may challenge Plaintiff's Complaint on its face. Discovery has not yet commenced, neither party is currently required to disclose evidence, and there are no dispositive motions currently pending. Plaintiff has filed a Complaint adequate for service and his other filings have been adequate for the Court to understand Plaintiff's requests. The Court thus finds Plaintiff's case is not so complicated nor his ability to articulate his claims so lacking at this stage of the case to warrant appointment of counsel.

ORDER ON MOTION FOR COURT-APPOINTED COUNSEL - 2

Finally, although Plaintiff attaches to his Motion a detailed account of his previous efforts to retain an attorney, *see* Dkt. 2 at 4, because Plaintiff has not satisfied either or both of the two factors of the "exceptional circumstances" test, the Court finds the appointment of counsel is not warranted at this time. Accordingly, Plaintiff's Motion (Dkt. 2) is **DENIED without prejudice**.

Dated this 15th day of November, 2023.

Grady J. Leupold
United States Magistrate Judge