1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS AREN WOLF,

              Plaintiff,

    v.

CITY OF ABERDEEN et al.,

              Defendants.

Case No. 3:23-cv-05954-TMC

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS

Before the Court is Defendants' motion to dismiss pro se Plaintiff Louis Aren Wolf's complaint (Dkt. 9). Upon review of the parties' briefs and relevant law, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

## I.     PROCEDURAL HISTORY

Mr. Wolf filed his complaint on October 23, 2023, against the Defendants City of Aberdeen (the "City"); the Mayor of Aberdeen, Peter J. Shave; Planning Director, Lisa D. Scott; Assistant Planning Director, William Sidor; Deputy Corporation Counsel, Forest W. Worgum III; Code Compliance Specialist, Lindy A. Dansare; and Aberdeen police officers Charles W. Chastain, Kyle Hoffman, Ross Lampkey, Dillon M. Mitchell, and Gary M. Sexton. Dkt. 1. Mr. Wolf claims: (1) the City, Scott, Sidor, Dansare, and the named Aberdeen police officers violated his Fourth Amendment rights in carrying out unreasonable searches or seizures of his

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 1

property; and (2) the City, Scott, Sidor, Worgum, and officers Chastain, Lampkey, and Sexton

maliciously prosecuted him for fraudulent criminal misdemeanor allegations. Dkt. 1-1 at 1–2;

Dkt. 9 at 2.

On January 23, 2024, Defendants moved to dismiss Mr. Wolf's complaint pursuant to

Fed. R. Civ. P. 12(b)(6) for failure to state a claim, asserting that Mr. Wolf's Fourth Amendment

claims are barred by the statute of limitations and his malicious prosecution claim should be

dismissed because it is barred by absolute prosecutorial immunity. Dkt. 9 at 1–2. Mr. Wolf

responded on February 16 (Dkt. 10), and Defendants replied (Dkt. 13).

## II.    BACKGROUND

On June 22, 2020, Aberdeen police officers Lampkey and Sexton approached Mr. Wolf

at his property regarding service of process. Dkt. 1-1 at 1. Mr. Wolf alleges that the officers

violated his Fourth Amendment rights by peering over his backyard fence to demand he meet

them in his front yard, in violation of his curtilage. *See id*. The next day, Officer Sexton emailed

Assistant Planning Director Sidor and a parking enforcement officer for assistance in serving

Mr. Wolf via entering his property for a safety code inspection; Planning Director Scott

approved of Officer Sexton's request and had Mr. Wolf's neighbor surveil him as part of an

investigation into his property. *Id*. Sometime between June 26 and 30, Sidor moved a stone on

Mr. Wolf's property and dug under part of his fence. *Id*. On July 2, Scott, Sidor, and Officers

Chastain, Lampkey, and Sexton obtained a building code safety inspection warrant to search

Mr. Wolf's property. *Id*. at 2. Mr. Wolf alleges that Sidor submitted false information to obtain

the warrant. *Id*.

On July 6, 2020, Sidor, Code Compliance Specialist Dansare, and Officers Chastain,

Hoffman, and Mitchell executed the search warrant on Mr. Wolf's property. *Id*. Mr. Wolf alleges

that on July 27, Deputy Corporation Counsel Worgum began a malicious prosecution of him at

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 2

1
2
Sidor's behest. *Id.* All charges against Mr. Wolf were dismissed by the Aberdeen municipal court on August 24, 2021. *Id.*

3
### III.    LEGAL STANDARD

4
### A.    Rule 12(b)(6) Motions to Dismiss

5
6
7
8
9
10
11
12
13
14
15
Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

16
17
18
19
20
21
22
23
The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). And pro se pleadings are construed "liberally on a defendant's motion to dismiss for failure to state a claim." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to

24

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

**B.      Statute of Limitations**

The statute of limitations for federal civil rights claims under Section 1983 is governed

by the forum state's law for personal injury actions. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th

948, 952 (9th Cir. 2022) (quoting *Bird v. Dep't of Hum. Servs.*, 953 F.3d 738, 743 (9th Cir.

2019)). "In Washington, personal injury torts have a three-year statute of limitations period."

*A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1252 (W.D. Wash. 2018), *aff'd*, 794 F. App'x

601 (9th Cir. 2019) (quoting *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989)). "Therefore, in

a Washington forum, the statute of limitations for a section 1983 claim . . . is three years." *Id*.

**1.      Accrual of Unreasonable Search and Seizure Claims**

Section 1983 claims for search and seizure in violation of the Fourth Amendment accrue

on the date of the violation. In other words, the statute of limitations begins to run on the date of

the wrongful search and seizure. *Bonelli*, 28 F.4th at 952 ("For Fourth Amendment violations,

federal law holds that a cause of action for illegal search and seizure accrues when the wrongful

act occurs." (quotations and citation omitted)).

**2.      Accrual of Malicious Prosecution Claims**

The statute of limitations for Section 1983 claims for malicious prosecution in violation

of the Fourth Amendment does not begin to run until the underlying criminal prosecution against

the Section 1983 plaintiff has ended in the plaintiff's favor. *McDonough v. Smith*, 139 S. Ct.

2149, 2154–55 (2019). Favorable termination of the underlying criminal prosecution is required

to avoid parallel criminal and civil litigation over the same subject matter and the possibility of

conflicting judgments. *Id*. at 2156–57.

**C.      Malicious Prosecution**

A claim of malicious prosecution requires showing that a defendant "instigated a criminal proceeding with improper purpose and without probable cause." *Id*. at 2156. Government officials such as police officers may be held liable for malicious prosecution if they made false representations to the court or prosecutors to secure a prosecution. *See, e.g.*, *Wheeler v. Broggi*, No. C19-1410-JCC, 2020 WL 2111249, at *4 (W.D. Wash. May 4, 2020) ("Qualified immunity does not apply if a defendant submitted an affidavit containing statements that: (1) they knew to be false; or (2) they would have known to be false had they not recklessly disregarded the truth, and no other accurate information sufficient for probable cause supported the false statements." (citing *Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991))).

Prosecutors, however, are entitled to absolute prosecutorial immunity for "actions intimately associated with the judicial phase of the criminal process, such as the prosecutor's initiation of a prosecution and presentation of the state's case." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quotations and citation omitted). "A prosecutor is absolutely immune when performing the traditional functions of an advocate." *Id*. (quotations and citation omitted). However, a prosecutor is not entitled to such protection when acting as an administrator or investigative officer rather than an advocate. *Id*.

## IV.      DISCUSSION

**A.      Mr. Wolf does not state a claim against Mayor Shave.**

Mr. Wolf does not articulate any facts that would support a claim against Aberdeen Mayor Peter J. Shave and his response does not show that this deficiency could conceivably be cured by amendment. All claims against Shave are therefore dismissed with prejudice and without leave to amend. *See Iqbal*, 556 U.S. at 678.

**B.      Mr. Wolf's search and seizure claims are outside the statute of limitations.**

The Washington statute of limitations for unreasonable search and seizure claims under the Fourth Amendment is three years and begins to run on the date of the alleged illegal search or seizure. *See Everett Sch. Dist.*, 300 F. Supp. at 1252; *Bonelli*, 28 F.4th at 952. The searches that Mr. Wolf alleges violated his Fourth Amendment rights all occurred between June 22, 2020 and July 6, 2020. *See supra* Sec. II. Mr. Wolf filed his complaint on October 23, 2023, over three years and three months after the final search occurred. *See* Dkt. 1. Because they are outside the applicable statute of limitations, Mr. Wolf's claims relating to searches or seizures of his property are dismissed with prejudice and without leave to amend. Accordingly, all claims against Code Compliance Specialist Dansare and Officers Hoffman and Mitchell are dismissed with prejudice. *See supra* Sec. I; Dkt. 1-1 at 2.

**C.      Deputy Corporation Counsel Worgum has prosecutorial immunity against Mr. Wolf's claims of malicious prosecution.**

Prosecutors have absolute immunity for "actions intimately associated with the judicial phase of the criminal process, such as the prosecutor's initiation of a prosecution and presentation of the state's case." *Torres*, 793 F.3d at 1051. Mr. Wolf does not allege Worgum took any actions against him outside the "traditional functions" of initiating prosecution of a case against him in Aberdeen municipal court. *See* Dkt. 1-1 at 2. Accordingly, Worgum is entitled to absolute prosecutorial immunity and Mr. Wolf's claims against him are dismissed with prejudice and without leave to amend.

**D.      Mr. Wolf pleads sufficient claims of malicious prosecution as to the remaining Defendants.**

Washington's three-year statute of limitations for malicious prosecution does not begin to run until the underlying criminal prosecution against the Section 1983 plaintiff has ended in the plaintiff's favor. *See McDonough*, 139 S. Ct. at 2154–55; *Everett Sch. Dist.*, 300 F. Supp. at

1252. All charges against Mr. Wolf were dismissed by the Aberdeen municipal court on August 24, 2021, *see* Dkt. 1-1 at 2, and he filed the instant case less than three years later, on October 23, 2023, Dkt. 1. Mr. Wolf therefore made his malicious prosecution claims within the statute of limitations.

A claim of malicious prosecution requires showing that a defendant "instigated a criminal proceeding with improper purpose and without probable cause*." McDonough*, 139 S. Ct. at 2156. This can occur when government officials make materially false representations to the court or prosecutors to secure a prosecution. *See, e.g.*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) ("[G]overnment investigators may be liable for violating the Fourth Amendment when they submit false and material information in a warrant affidavit."); *id.* ("[A] coroner's reckless or intentional falsification of an autopsy report that plays a material role in the false arrest and prosecution of an individual can support a claim under . . . the Fourth Amendment."); *Wheeler*, No. C19-1410-JCC, 2020 WL 2111249, at *4.

Mr. Wolf alleges that Assistant Planning Director Sidor and Officers Chastain, Lampkey, and Sexton obtained a warrant by submitting "a fraudulent misleading affidavit omitting material facts" to the Aberdeen municipal court. Dkt. 1-1 at 1. Mr. Wolf claims the affidavit included "a fraudulent misleading narrative of unknown trespassers," "misleading graphs, [and] information" noting "it was imperative to know who was on the Wolf property" despite "the occupants on my property ha[ving] been identified," and pictures "omitting exculpatory evidence." *Id.* at 1–2. He further alleges that these actions were "per custom ratified by" Planning Director Scott, and, therefore by extension the City of Aberdeen. Dkt. 1-1 at 1–2. Mr. Wolf alleges that the fraudulent materials submitted to the municipal court led to his prosecution. *See id.* at 2; *see also* Dkt. 10 at 3 ("[t]he criminal zoning code fence height location charge being the culminating criminal charge emanating from the false flag search, seizure, and arrest").

Liberally construing Mr. Wolf's pro se complaint and the facts in the light most favorable to his claims, Mr. Wolf has sufficiently alleged a Fourth Amendment violation by Scott, Sidor, Chastain, Lampkey, Sexton, and the City arising from their alleged submission of materially false or misleading information to the Aberdeen municipal court leading to a criminal prosecution that was ultimately dismissed. Mr. Wolf's malicious prosecution claim as to these remaining Defendants was brought within the statute of limitations and is sufficiently pled. Defendants' motion to dismiss this claim is denied.

### E.      Service of Process

Defendants' motion also asked the Court to dismiss the complaint for failure to serve the Defendants in compliance with Federal Rule of Civil Procedure 4. *See* Dkt. 9 at 9. While the motion was pending, however, signed waivers of service were filed. Dkt. 16. The motion to dismiss for lack of service is therefore denied as moot.

### V.      CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (Dkt. 9) is GRANTED IN PART and DENIED IN PART:

- The motion is GRANTED as to Mr. Wolf's claims arising from the alleged searches or seizures of his property between June and July 2020; these claims are dismissed with prejudice and without leave to amend.

- The motion is GRANTED as to all claims against Peter J. Shave, Forest W. Worgum III, Lindy A. Dansare, Kyle Hoffman, and Dillon Mitchell. These Defendants are DISMISSED with prejudice.

- The motion is DENIED as to Mr. Wolf's malicious prosecution claims against Lisa D. Scott, William Sidor, Charles W. Chastain, Ross Lampkey, Gary M. Sexton, and the City of Aberdeen.

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2    to any party appearing pro se at said party's last known address.

3         Dated this 15th day of April, 2024.

4

5         _____
          Tiffany M. Cartwright
6         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 9