1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS AREN WOLF,

                        Plaintiff,

        v.

CITY OF ABERDEEN et al,

                        Defendant.

Case No. 3:23-cv-05954-TMC

ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL DISCOVERY
RESPONSES

## I.    INTRODUCTION

Before the Court is Defendant City of Aberdeen's motion to compel discovery. Dkt. 20.

On April 18, 2024, the City emailed and mailed written discovery requests to Pro se Plaintiff

Louis Aren Wolf, requesting information regarding his legal claims and alleged damages. *See*

Dkt. 21-2 at 2–15, 17, 22. The City followed up with Mr. Wolf on May 23, when he did not

respond to the initial delivery of the interrogatories. *See id*. at 17. Additional attempts at

confirming receipt of the discovery requests with Mr. Wolf were sent on June 12 (*id*. at 20) and

June 25 (*id*. at 25), in addition to an email on July 8 scheduling a discovery conference call on

July 23 (*id*. at 30) to discuss the City's requests. Mr. Wolf did not respond to the City's emails

and did not answer its call on July 23 (*id*. at 36). Eventually, on August 16, Mr. Wolf filed a

response to the City's motion where he asserted that the City's interrogatories and requests for

production were "onerous and invasive" and sought "unrelated personal information." Dkt. 23 at 1. Mr. Wolf requested that the City and other Defendants "submit to the exact same questions" and stated, without specifying any completion date, that the Court need not compel his responses because he was "endeavoring to complete [his] response[s]." *Id.* at 2.

## II.    LEGAL STANDARDS

### A.    Discovery Scope and Limits Under Federal Rule of Civil Procedure 26(b)

Federal Rule of Civil Procedure 26(b) defines the scope of discovery and its limits. In general, unless otherwise limited by court order, parties to litigation may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" as long as the information is "proportional to the needs of the case, considering the importance of the issues . . . the amount in controversy . . . the parties' resources, [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b).

### B.    Interrogatories to Parties Under Federal Rule of Civil Procedure 33

Discovery covered under Federal Rule of Civil Procedure 26(b) includes interrogatories. Interrogatories are governed by Federal Rule of Civil Procedure 33. In general, unless otherwise stipulated or ordered by the Court, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts" (Fed. R. Civ. P. 33(a)(1)), and "may relate to any matter that may be inquired under Rule 26(b)." *Id.* at (2). Interrogatories must be answered "within 30 days after being served." *Id.* at (b)(2).

### C.    Requests for Production Under Federal Rule of Civil Procedure 34

The production of documents is another type of discovery covered under Federal Rule of Civil Procedure 26(b), and requests for the production of documents and other information are governed by Federal Rule of Civil Procedure 34. In general, a party "may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). A party can be required to

produce "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data" in their possession, so long as it is relevant to the issues being litigated. *See id*. at (a)(1)(A); Fed. R. Civ. P. 26(b). A party must respond to such requests "within 30 days." Fed. R. Civ. P. 34(b)(2)(A).

### III.    DISCUSSION

The Court has reviewed the interrogatories (Dkt. 21-1 at 2–10) and requests for production (*id*. at 11–13) sent to Mr. Wolf. The interrogatories request information from Mr. Wolf regarding his general background such as occupation and prior experience with lawsuits, alleged injuries, clarification of his claimed amount of lost income or other damages from his allegations, and his planned expert testimony. *See id*. at 2–10. The City only makes thirteen interrogatories, well within the limit of twenty-five interrogatories specified by Federal Rule of Civil Procedure 33. *Id*.; Fed. R. Civ. P. 33(a)(1). The City makes seven requests for production, requesting records such as emails, texts, medical treatment for any alleged injury, and financial records that "pertain in any way" or "tend to support or refute the allegations" made in Mr. Wolf's complaint. *See id*. at 11–13. The City's interrogatories and requests for production fall within the scope of production defined by Federal Rules of Civil Procedure 26, 33, and 34, governing the scope of discovery, interrogatories, and requests for production.

Federal Rules of Civil Procedure 33 and 34 require responses to interrogatories and requests for production within thirty days of service. The Court recognizes that Mr. Wolf is a pro se litigant but reminds him that he is still required to comply with the Federal Rules of Civil Procedure when proceeding before the Court. Mr. Wolf's response to the City's discovery requests are 98 days overdue, long past the thirty days provided for response under the Federal Rules. *See* Dkt. 20; Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). While he requests in his response that the City respond "to the exact same questions" it asked of him, the Court reminds Mr. Wolf that

he can serve such questions via his own interrogatories and requests for production directed to the Defendants—in compliance with the applicable Federal Rules of Civil Procedure.

## IV.    CONCLUSION

For the reasons discussed herein, the Court GRANTS the City's motion to compel and DENIES its request for attorney's fees. Dkt. 20. If any further discovery disputes arise in this case, the parties must use Judge Cartwright's procedure for prompt resolution of discovery disputes, set forth in her chambers procedures on the Court's website: https://www.wawd.uscourts.gov/sites/wawd/files/CartwrightCivilProcedures.pdf.

Because Mr. Wolf has yet to provide responses to the City's interrogatories and requests for production, and his answers are several months overdue, the Court ORDERS him to answer the City's interrogatories and requests for production (*see* Dkt. 21-1 at 2–13) within fourteen days of the date of this Order. For the avoidance of doubt, Mr. Wolf must provide responses to the City's discovery requests no later than September 6, 2024.

The City also requests sanctions on Mr. Wolf pursuant to Federal Rule of Civil Procedure 37(a)(5). Considering Mr. Wolf's pro se status and lack of familiarity with the Federal Rules, the Court determines that the imposition of a sanction requiring Mr. Wolf to pay the City's "reasonable expenses in making [its] motion, including attorney's fees" would be unjust under Federal Rule of Civil Procedure 37(a)(5)(A)(iii). Accordingly, the Court DENIES the City's request for attorney's fees.

The Court encourages Mr. Wolf to review this District's resources for pro se litigants available at https://www.wawd.uscourts.gov/representing-yourself-pro-se; and to consult with the Federal Bar Association's pro se civil rights clinic if he has questions about conducting discovery, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of August, 2024.

Tiffany M. Cartwright
United States District Judge