UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIS AREN WOLF,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF ABERDEEN et al,<br><br>             Defendant. | Case No. 3:23-cv-05954-TMC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Pro se Plaintiff Louis Aren Wolf alleges that Defendants City of Aberdeen, City Planning Director Lisa D. Scott, City Assistant Planning Director William Sidor, and Aberdeen police officers Charles W. Chastain, Ross Lampkey, and Gary M. Sexton violated his right against malicious prosecution. Defendants move to dismiss Mr. Wolf's claim on summary judgment. Mr. Wolf did not file a response to Defendants' motion. Having considered the parties' briefing and the relevant record, the Court GRANTS Defendants' motion for summary judgment against all Defendants.

## II. BACKGROUND

In July 2018, Mr. Wolf bought an undeveloped lot, 116 South Monroe Street, in a residential area from the City of Aberdeen ("the City"). Dkt. 30 ¶ 6; Dkt. 27 ¶ 5. The City had

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

acquired several parcels of land through property tax foreclosures with the intent to sell to buyers who would turn the vacant land into livable properties. Dkt. 30 ¶ 5. In meetings with the City's Community Development department before Mr. Wolf bought the lot, he indicated to staff that he would live on the property in an RV while he built a house. Dkt. 27 ¶ 5. Mr. Wolf was advised by department staff at that time that living in an RV or trailer in a residential zone was prohibited by municipal code. *Id.*; Dkt. 30 ¶ 7.

On March 2, 2020, City code enforcement—organized under the Community Development department—received a complaint about someone living in an RV or trailer at 116 S. Monroe Street. Dkt. 27 ¶ 7. Assistant Planning Director William Sidor, the City's code enforcement officer, responded to the complaint, visiting the property and observing a trailer at the address. *Id.* As part of his code enforcement duties, Sidor sent a notice to abate to the property owner, Mr. Wolf. *Id.* ¶ 8. After the notice was sent, Sidor "made numerous trips to the property but was never able to make contact with anyone." *Id.* ¶ 9.

On June 12, 2020, City code enforcement received a second complaint about people living in an RV at 116 S. Monroe. *Id.* ¶ 10. Sidor again visited the address and, observing the RV still on the property, posted a second notice to abate. *Id.* ¶ 11.

On June 22, 2020, Aberdeen police officers Sexton and Lampkey tried to serve an antiharassment order, filed by Mr. Wolf's neighbor, on Mr. Wolf. Dkt. 31 ¶¶ 4–5. Sexton and Lampkey observed two men at the property, later identified as Mr. Wolf and his father. *Id.* ¶ 4; Dkt. 29 ¶ 3. Neither Mr. Wolf nor his father engaged with the officers when they tried to make contact, so the officers dropped the order over the fence and left. Dkt. 31 ¶ 4; Dkt. 29 ¶ 3. While on the scene, Officer Sexton spoke to the same neighbor who had petitioned for the antiharassment order. Dkt. 31 ¶ 5. The neighbor expressed concerns about a fence Mr. Wolf was building within feet of her house. *Id.* Officer Sexton also observed a buried power cord running

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

from Mr. Wolf's property to the neighbor's house. *Id.* ¶ 6. Officer Sexton emailed Sidor the next day to relay the neighbor's complaint about the fence, his observations of the buried power cord, and the continued presence of the trailer on the property. *Id.* ¶ 7.

Sidor first followed up with Mr. Wolf's neighbor who reported that she also saw Mr. Wolf and his father burying pipes in the ground and using water on the property. Dkt. 27 ¶ 13. Given that the lot was undeveloped, Sidor believed it was possible that Mr. Wolf was accessing his neighbor's water. *See id.* ¶¶ 13–14. Sidor spoke to a City water employee and discovered that water usage at Mr. Wolf's neighbor's property had almost doubled over the past six months. *Id.* ¶ 14.

Sidor returned to the property on June 26, 2020 and saw that a six-foot fence had been constructed on the property. *Id.* ¶ 15. The City code only allowed for a four-foot fence. *Id.* Sidor also observed that the grass near the neighbor's property line was noticeably greener than the surrounding area. *Id.* ¶ 16. He became concerned about sewage dumping given the neighbor's allegations of buried pipes and people living in the RV. *Id.* Sidor made two other site visits on June 30 and July 1 and noticed that the RV was still on site, though it was now partially obscured by the 6-foot fence. *Id.* ¶ 17.

Sidor applied for a search warrant to investigate the suspected criminal and code violations, including for fence height, improper use of an RV in a residential area, and various utility and health code violations. *Id.* ¶ 18; *see also id.* at 9. As part of the search warrant process, Sidor completed an affidavit detailing the basis for the search warrant: his observations, information he received from Officer Sexton and the City's water department, and allegations from Mr. Wolf's neighbor. *Id.* ¶ 19; *see also id.* at 9–11.

A municipal court judge signed the search warrant on July 6, 2022. Dkt. 27 ¶ 21; *see also id.* at 30–31. Aberdeen police officer Chastain accompanied Sidor that same day to keep the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

peace as Sidor served paperwork at the property and conducted the search. *Id.* ¶ 22; Dkt. 28 ¶ 5. Sidor found evidence that Mr. Wolf was living in the RV, such as mail, personal effects, and water jugs. Dkt. 27 ¶ 22. Sidor did not find evidence, however, that either Mr. Wolf's power cord or water was connected to his neighbor's house. *Id.* Based on his search, Sidor issued citations to Mr. Wolf for erecting a six-foot fence and for living in an RV in a residential zone in violation of municipal law. *Id.* ¶ 23; *see also id.* at 33. Because Mr. Wolf failed to attend his court hearing, he was arrested under a bench warrant. *See* Dkt. 26 at 11. On August 10, 2020, the Aberdeen Municipal Court determined there was probable cause to support the charges. *Id.* at 5. The case was eventually dismissed by the court in August 2021. *Id.* at 7.

Mr. Wolf filed his complaint on October 23, 2023 alleging that (1) Defendants, among others, violated his Fourth Amendment rights in carrying out unreasonable searches or seizures of his property; and (2) the City, Scott, Sidor, officers Chastain, Lampkey, and Sexton, and Deputy Corporation Counsel Forest W. Worgum maliciously prosecuted him for fraudulent criminal misdemeanor allegations. Dkt. 1-1 at 1–2; Dkt. 9 at 2.

On January 23, 2024, Defendants moved to dismiss Mr. Wolf's complaint, asserting that Mr. Wolf's Fourth Amendment claims are barred by the statute of limitations and his malicious prosecution claim is barred by absolute prosecutorial immunity. Dkt. 9 at 1–2. On April 15, 2024, this Court granted Defendants' motion dismissing Mr. Wolf's Fourth Amendment claim because it was time-barred. Dkt. 18 at 6. The Court also dismissed Deputy Corporation Counsel Worgum, concluding he had prosecutorial immunity against Mr. Wolf's malicious prosecution claim. *Id.* The Court denied the motion to dismiss the other Defendants, finding that Mr. Wolf had sufficiently pled a malicious prosecution claim. *Id.* at 6–8.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

On November 22, 2024, Defendants moved for summary judgment on Mr. Wolf's malicious prosecution claim. Dkt. 25. Mr. Wolf did not file a response to Defendants' motion. The motion for summary judgment is fully briefed and ripe for the Court's consideration.

### III. LEGAL STANDARDS

#### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party may fulfill its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), or by producing "evidence negating an essential element of the nonmoving party's claim." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry their ultimate burden of persuasion, the movant "must persuade the court that there is no genuine issue of material fact." *Id.* The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323.

#### B. Malicious Prosecution

A claim of malicious prosecution under 42 U.S.C. § 1983 requires showing that a defendant "instigated a criminal proceeding with improper purpose and without probable cause." *McDonough v. Smith*, 588 U.S. 109, 116–17 (2019) (citations omitted). In Washington, "Plaintiff must establish both the state law elements of malicious prosecution and that the party being

charged with malicious prosecution 'did so for the purpose of denying him equal protection or another specific constitutional right.'" *Bethune v. City of Washougal*, 642 F. Supp. 3d 1246, 1257 (W.D. Wash. 2022) (quoting *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (cleaned up). Malicious prosecution requires five elements under Washington law: "1) the defendant began or continued a prosecution; 2) without probable cause; 3) with malice; 4) in a proceeding terminated in the plaintiff's favor; 5) to plaintiff's injury." *Id.* at 1258 (quoting *Lassiter*, 556 F.3d at 1054).

Government officials, including, but not limited to, police officers, may be held liable if they "maliciously or recklessly make[] false reports to the prosecutor" to secure a prosecution. *See id.* (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007)); *see also Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) ("[A] coroner's reckless or intentional falsification of an autopsy report that plays a material role in the false arrest and prosecution of an individual can support a claim under 42 U.S.C. § 1983[.]") (cleaned up). To establish liability of a government investigator, Plaintiff "must show that the investigator made deliberately false statements or recklessly disregarded the truth in the affidavit and that the falsifications were material to the finding of probable cause." *Galbraith*, 307 F.3d at 1126 (cleaned up).

## IV.    DISCUSSION

Defendants argue that there was probable cause for the charges filed, there is no evidence of malice, and there is no evidence of false statements in the affidavit. Dkt. 25 at 8–11. Thus, Defendants maintain, there are no material issues of fact remaining and Mr. Wolf's malicious prosecution claim must be dismissed. The Court agrees.

To start, there was probable cause to cite Mr. Wolf for violating the City's municipal code by building a six-foot fence and living in an RV in a residential area. In malicious

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6

prosecution claims, "probable cause is an absolute defense[.]" *Lassiter*, 556 F.3d at 1054–55 (first citing *Clark v. Baines*, 150 Wash.2d. 905, 912, 84 P.3d 245; and then citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995), as amended on denial of reh'g and reh'g en banc (Dec. 29, 1995)). Assistant Planning Director Sidor personally observed a six-foot fence on Mr. Wolf's property though the City's code only allowed for a four-foot fence. Dkt. 27 ¶ 15; Aberdeen Mun. Code 17.56.150(B)(1). Sidor took contemporaneous photographs of the fence height and its obstruction of the RV, attaching them to his affidavit. Dkt. 27 at 11, 20. Sidor also personally observed an RV at 116 S. Monroe Street several times as he followed up on citizen complaints that someone was living in an RV on the property. *Id.* ¶¶ 4, 7–8, 10–11, 17. An RV is not a permissible use in a residential zone and violation of the code provision is a misdemeanor. *Id.* at 9; Aberdeen Mun. Code 17.12.020; 17.96.090(C). Officer Sexton further relayed to Sidor that he had seen Mr. Wolf and another man (later identified as Mr. Wolf's father) at the property when serving the antiharassment order and suspected they were living in an RV. Dkt. 27 ¶ 12; *see* Dkt. 32 ¶¶ 4, 7. The Aberdeen Municipal Court, after reviewing the evidence accompanying the citations, found probable cause for both charges. Dkt. 26 at 5.

Mr. Wolf fails to dispute the existence of probable cause for the citations beyond "unsupported assertions that cannot be credited on summary judgment." *See Bethune*, 642 F. Supp. 3d at 1258. Mr. Wolf alleges that Sidor and Officers Chastain, Lampkey, and Sexton obtained a warrant by submitting "a fraudulent misleading affidavit omitting material facts" to the Aberdeen municipal court. Dkt. 1-1 at 1. Mr. Wolf claims the affidavit included "a fraudulent misleading narrative of unknown trespassers," "misleading graphs . . . [and] information," and "pictures omitting exculpatory evidence." *Id.* at 1–2. "[W]ithout evidence or any probable cause whatsoever[,]" the affidavit "infer[red] to the court that unidentified occupants on the Wolf property could be stealing [the neighbor's] water, could be dumping raw sewage . . . and could

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7

be stealing the neighbor[']s electric power." *Id.* at 2. He alleges that the fraudulent materials submitted to the municipal court led to his prosecution. *See id.*; *see also* Dkt. 10 at 3 ("[t]he criminal zoning code fence height location charge being the culminating criminal charge emanating from the false flag search, seizure, and arrest[.]"). But Mr. Wolf has not pointed to any evidence to support his allegations at the summary judgment stage. *See Bethune*, 642 F. Supp. 3d at 1258; Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations[.]").

To the extent that Mr. Wolf's allegations center on the lack of evidence found for the theft of his neighbor's power or water or that he was dumping sewage, *see* Dkt. 27 ¶ 22, the Court first notes that he was only cited for the unlawful fence height and for living in an RV. *See* Dkt. 27 at 33. Further, Mr. Wolf has not shown that Sidor (or any of the Defendants) "made deliberately false statements or recklessly disregarded the truth in the affidavit" related to the non-cited allegations. *See Galbraith*, 307 F.3d at 1126 (citation omitted). Officer Sexton emailed Sidor about a buried power cord that appeared to be connected to Mr. Wolf's neighbor without her consent. Dkt. 31 ¶ 6; Dkt. 27 ¶ 10. Sidor also received complaints from the neighbor that Mr. Wolf was burying pipes and had access to water on an undeveloped lot. Dkt. 27 ¶¶ 13–14. Sidor tried to corroborate this information through site visits, phone conversations with the City's water department, and data from the water department, all of which tended to support the neighbor's complaint. *See id*; *see also id.* at 11. Sidor also personally observed indicia of sewage dumping, supported by evidence from several sources that people were living on the property in an RV. *Id.* ¶ 16.

That Mr. Wolf was not ultimately cited for these issues does not make the evidence Sidor included in his affidavit "deliberately false" or show a "reckless[] disregard[] [for] the truth[.]"

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8

*See Galbraith*, 307 F.3d at 1126. And even if there were false statements about the utility and sewage allegations, those statements were not "material to the finding of probable cause," which was clearly established for the citations of the six-foot fence and living in an RV. *See id; see also Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995) (noting that the plaintiff must "*both* establish a substantial showing of a deliberate falsehood or reckless disregard and . . . that the remaining information in the affidavit is insufficient to establish probable cause.") (emphasis in original).

Mr. Wolf has also not produced any evidence showing that the Defendants acted with malice. Sidor's duties as a code enforcement officer included investigating citizen complaints about alleged code violations and issuing civil and criminal citations, duties he conducted in Mr. Wolf's case without evidence of ill will or malice. Dkt. 27 ¶ 4, 25; Dkt. 30 ¶ 8. Mr. Wolf has also not shown how any of the other Defendants' actions were conducted with malice. Although Mr. Wolf has not established malice, "it is unnecessary for us to [even] reach this element because probable cause is an absolute defense to malicious prosecution." *Lassiter*, 556 F.3d at 1054–55 (citations omitted). Because there was probable cause to cite Mr. Wolf for violating the City's municipal code by building a six-foot fence and living in an RV in a residential area, Mr. Wolf cannot establish the elements for a malicious prosecution claim against any individual Defendant. *See id.*

Mr. Wolf's malicious prosecution claim against the City of Aberdeen fails for the same reason. Mr. Wolf claims that the alleged unconstitutional actions were "per custom ratified by" Planning Director Scott and, by extension, the City. *See* Dkt. 1-1 at 1–2. "To impose *Monell* liability on a municipality under Section 1983, plaintiff must prove: (1) [Mr. Wolf] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9

2021) (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (cleaned up). A plaintiff can satisfy *Monell*'s policy requirement where the unconstitutional injury results from a city employee: (1) acting under an expressly adopted official policy; (2) acting under a longstanding practice or custom; or (3) who has final policymaking authority or where such an official ratified a subordinate's unconstitutional decision or action and the basis for it. *Id.* at 973–74 (cleaned up).

As described above, "Plaintiff has failed to offer any such evidence and his *Monell* claims rest on mere conclusory allegations." *Bethune*, 642 F. Supp. 3d at 1252. First, Mr. Wolf's claim fails the threshold requirement—that he suffered a deprivation of a constitutional right. *See Gordon*, 6 F.4th at 973. As discussed, Mr. Wolf's citations were based on probable cause. Even assuming there was a constitutional injury, neither of Mr. Wolf's *Monell* theories are substantiated. Liberally construing his pro se complaint, Mr. Wolf alleges the City is liable based on the latter two grounds of *Monell*'s policy grounds. *See id.* at 973–74; Dkt. 1-1 at 1–2. But he provides no evidence to support his claim that the alleged violation resulted from the City's "longstanding . . . custom." *See Gordon*, 6 F.4th at 973–74. Similarly, Mr. Wolf offers no evidence to support a finding that Scott has final policy-making authority or that she approved Sidor's "decision . . . and the basis for it." *Id*. In fact, Scott was minimally involved in the code enforcement investigation and did not participate in the search warrant application or subsequent citations. Dkt. 30 at ¶¶ 9–11. Defendants have adequately shown the lack of evidence to support Mr. Wolf's malicious prosecution claim against the City and all individual defendants. Accordingly, the motion for summary judgment is granted.

### V.   CONCLUSION

The Court GRANTS Defendants' motion for summary judgment on Mr. Wolf's malicious prosecution claim against all Defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 10

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of February, 2025.

Tiffany M. Cartwright
United States District Judge