UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIS AREN WOLF,<br><br>             Plaintiff,<br><br>   v.<br><br>CITY OF ABERDEEN et al,<br><br>             Defendant. | Case No. 3:23-cv-05954-TMC<br><br>ORDER DENYING MOTION FOR INDICATIVE RULING |

## I.   INTRODUCTION

Before the Court is Pro se Plaintiff Louis Aren Wolf's Motion for Indicative Ruling. Dkt. 36. For the reasons below, the Court DENIES the motion.

## II.   BACKGROUND

Mr. Wolf filed this lawsuit on October 23, 2023 alleging that his Fourth Amendment rights were violated and that Defendants, among others, maliciously prosecuted him for fraudulent criminal misdemeanor allegations. Dkt. 1-1 at 1–2; Dkt. 9 at 2. On April 15, 2024, the Court granted Defendants' motion dismissing the Fourth Amendment claim because it was time-barred. Dkt. 18. Although the Court dismissed one of the initial Defendants from the malicious prosecution claim, the claim survived as to the other Defendants. *Id.* at 6–8. Then, on February

19, 2025, this Court granted Defendants' motion for summary judgment on the remaining malicious prosecution claim. Dkt. 32. Mr. Wolf appealed the Court's order. Dkt. 34.

In the instant motion, Mr. Wolf moves for an indicative ruling "with regards to [his] appeal" of the Court's summary judgment ruling. Dkt. 36 at 1. The motion includes his Ninth Circuit Court of Appeals case number and attaches the informal opening brief he submitted to the appeals court. *See generally id.*

### III. DISCUSSION

**A.    The Court will construe Mr. Wolf's motion as a Rule 60(b) motion.**

Federal Rule of Civil Procedure 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

"Courts are split as to whether a party seeking a ruling under Rule 62.1 must also file an accompanying predicate motion that the district court lacks authority to grant." *Est. of Najera-Aguirre v. County of Riverside*, 2020 WL 5370618, at *1 (C.D. Cal. Aug. 13, 2020). "Some courts find that Rule 62.1(a) 'only applies when a timely motion (typically a Rule 60(b) motion) has been made . . . [and] [a]bsent an underlying, predicate motion, there is no basis for relief under Rule 62.1.'" *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022) (quoting *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015)) (citation modified). "Other courts accept a 'freestanding' Rule 62.1(a) motion if the moving party sufficiently states the merits of its substantive argument in its briefs." *Index Newspapers LLC*, 2022 WL 72124, at *2 (collecting cases).

Mr. Wolf did not file a Rule 60(b) motion requesting relief from judgment alongside his Rule 62.1(a) motion. He also does not describe the basis for an indicative ruling on the face of his motion. *See* Dkt. 36 at 1. Mr. Wolf does, however, direct the Court to his informal appeals brief filed with the Ninth Circuit. *Id.* In that brief, he states the general basis for his appeal. Dkt. 36 at 47 ("The District court errored in dismissing the case after having directing plaintiff to not file discovery evidence with court. Plaintiff is requesting District Courts summary judgment ruling be reversed and sent back to District Court to proceed to trial"); *see also id.* at 4 ("The Plaintiff was directed by the District court not to file discovery evidence with the court and documents were returned to the plaintiff, without the discovery evidence to support plaintiffs case for summary judgment.").

Although Mr. Wolf's appeals brief seeking reversal of the summary judgment order is determined under a different standard than Rule 60(b), the Court liberally construes Mr. Wolf's "freestanding" Rule 62.1(a) motion to include an underlying Rule 60(b) motion. *See Index Newspapers LLC*, 2022 WL 72124, at *2 (agreeing with the "line of cases accepting freestanding motions for indicative rulings that contain sufficient arguments on the merits of the intended underlying motion"); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]") (citation modified). Mr. Wolf's pending appeal in the Ninth Circuit "deprives this Court of jurisdiction to grant Plaintiff's Rule 60(b) motion[.]" *Lipsey v. Reddy*, No. 117CV00569LJOBAMPC, 2019 WL 3080769, at *1 (E.D. Cal. July 15, 2019), *aff'd sub nom. Lipsey v. Hernandez*, 848 F. App'x 725 (9th Cir. 2021). But under Rule 62.1, the Court can defer or deny Mr. Wolf's 60(b) motion or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a).

**B.     The Court denies Mr. Wolf's Rule 60(b) motion on the merits.**

Although Mr. Wolf alleges that the Court erred, he does not provide facts or legal authority to support a relief from judgment under Rule 60(b). Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed R. Civ. P. Rule 60(b). Rule 60(b)(6) is "limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances." *Pickering v. Bank of Am. Home Loans*, No. 2:15-CV-01983-RSM, 2019 WL 13166673, at *1 (W.D. Wash. May 29, 2019) (citing *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).

The Court construes Mr. Wolf's alleged basis for this Court's error as seeking relief under Rule 60(b)(6). *See BLOM Bank SAL v. Honickman*, 605 U.S. ---- (2025) ("Rule 60(b)(6) is a catchall that . . . provides only grounds for relief not already covered by the preceding five paragraphs."); Dkt. 36 at 4, 47. Mr. Wolf states that the Court "direct[ed] plaintiff to not file discovery evidence," *id.* at 47, and that without it, he could not "support [his] case for summary judgment," *id.* at 4. The Court gave no such direction to Mr. Wolf and he provides no facts or citations to the record to support his assertions. *See generally*

ORDER DENYING MOTION FOR INDICATIVE RULING - 4

*id.* Aside from the unsupported references to the Court's alleged error, Mr. Wolf's appellate brief consists only of the facts and arguments that the Court dismissed at the 12(b)(6) and summary judgment stages. *See id.* In response to the question of "[w]hat law supports these issues on appeal," Mr. Wolf cites to two Ninth Circuit cases that analyzed the scope of the Fourth Amendment, a claim this Court dismissed with Defendants' 12(b)(6) motion. Dkt. 36 at 48–49; Dkt. 18. Even liberally construing Mr. Wolf's motion given his pro se status, he has shown no basis for relief from judgment under Rule 60(b)(6) or any other reason enumerated by Rule 60(b).

## IV.   CONCLUSION

For the reasons stated and pursuant to Federal Rule of Civil Procedure 62.1(a)(2), Mr. Wolf's motion for an indicative ruling, Dkt. 36, is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of July, 2025.

Tiffany M. Cartwright
United States District Judge